# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2017

Lyle W. Cayce
Clerk

No. 17-50139
Summary Calendar

INTERNATIONAL CORRUGATED AND PACKING SUPPLIES,
INCORPORATED,

      Plaintiff - Appellee

v.

LEAR CORPORATION; LEAR MEXICAN SEATING CORPORATION,
formerly known as Lear Trim, L.P.,

      Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-405

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

      Lear Corporation and Lear Mexican Seating Corporation, formerly known as Lear Trim, L.P., (collectively, "Lear") appeal the district court's denial of a motion to reconsider its order denying Lear's motion to compel arbitration. For the reasons explained below, we VACATE and REMAND.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50139

## I.  Background

Lear purchased packaging materials from International Corrugated and Packing Supplies, Inc. ("Intercorpac") from April 2007 to November 2014. Intercorpac subsequently sued Lear in state court for unpaid invoices related to these transactions.  Lear removed to federal court, and around eight months later Lear moved to compel arbitration pursuant to an arbitration clause contained in terms and conditions that were referenced in its purchase orders.

On December 21, 2016, the district court denied Lear's motion to compel because Lear failed to establish the existence of an agreement to arbitrate by a preponderance of the evidence.  It concluded that, because the evidence lacked "sufficient details regarding how and when the underlying contracts were formed," Lear failed to show that the terms and conditions containing the arbitration clause were incorporated into the parties' contracts.

The district court found that Lear's only competent evidence of the parties' contractual relationship was (1) an affidavit from its Vice President of North American Purchasing, declaring that all of Lear's purchases were made pursuant to purchase orders and (2) copies of the purchase orders.  The district court also considered Intercorpac's evidence, which consisted of an affidavit from its operations manager explaining how the transactions between the parties occurred: Lear ordered its materials by calling or emailing Intercorpac with a delivery request and then Lear sent payment by direct deposit after the products were delivered.  The district court criticized Lear's affidavit for failing to explain the process by which materials were ordered and when, if ever, the purchase orders were sent to Intercorpac during that process.  It also observed that Lear failed to address any potential issues with the Texas Business and Commerce Code's signed writing requirements, given that some of the purchase orders concerned the sale of goods of $500 or more but were never signed by Intercorpac.

No. 17-50139

On February 10, 2017—more than fifty days after the denial of the motion to compel arbitration and less than two weeks before trial—Lear filed a motion to reconsider the district court's order denying its motion to compel arbitration. Lear argued that newly discovered emails showed that the role of Lear's purchase orders in the transactional process was that of an offer to purchase materials, and the subsequent delivery of the requested materials operated as Intercorpac's acceptance of that offer, obviating the need for a signed writing under the Texas Business and Commerce Code. Moreover, Lear maintained that this new evidence would also show that Intercorpac had proper notice of the terms and conditions containing the arbitration clause at the time of contract formation.

As to the basis of the newly discovered evidence, Lear explained that it had searched a "previously-unaccessed e-mail archive . . . and identified 704 e-mails between Lear and Intercorpac." Of those emails, however, Lear cited only three relevant email chains and discussed only one of them. The email exchange Lear discussed involved an email to Intercorpac that attached a purchase order and requested confirmation of receipt from Intercorpac. The email contained a notice underneath the signature block explaining that "all Lear purchases are governed by Lear's Purchase Order Terms and Conditions available at http://lear.covisint.com . . . ." Intercorpac responded "Received!!" Lear also cited, but did not discuss, two additional emails: one that attached a purchase order and requested receipt of delivery but with no response from Intercorpac and another requesting rush delivery for an outstanding order related to a different purchase order.

The district court denied Lear's motion to reconsider citing to Federal Rule of Civil Procedure 54(b), which applies to motions to reconsider interlocutory orders. Observing that "the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear," the court looked to the

3

standard for Federal Rule of Civil Procedure 59(e)—relating to final orders—to "inform [its] analysis." In denying the motion to reconsider, the district court explained that "at this late stage in the proceedings," it would not entertain an "attempt to address . . . issues that could and should have been properly addressed in [Lear's] Motion to Compel Arbitration." Lear now appeals the denial of its motion to reconsider.

## II.  Standard of Review

We review a district court's denial of a motion to reconsider for abuse of discretion. *Calpetco 1981 v. Marshall Expl., Inc.,* 989 F.2d 1408, 1414 (5th Cir. 1993). An abuse of discretion occurs when a district court bases its ruling "on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting *United States v. Ragsdale,* 426 F.3d 765, 774 (5th Cir. 2005)).

## III.  Discussion

A district court abuses its discretion when it relies on an incorrect rule of civil procedure to deny a motion to reconsider an interlocutory order. *Austin v. Kroger Tex., L.P.*, --- F.3d ----, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017) (per curiam). Although the district court cited to the correct rule, it incorrectly assumed that Rule 59 was sufficiently analogous that its standards apply by analogy and then proceeded to apply Rule 59 standards. The district court did not have the benefit of our opinion in *Austin* clarifying the difference between these standards. Rather than engage in a proper Rule 54(b) analysis in the first instance, we conclude that the district court should have the opportunity to do so applying the proper standards. Accordingly, we VACATE the order denying the motion to reconsider and REMAND for reconsideration. We express no opinion on the ultimate outcome of this case.

VACATED and REMANDED.